IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS BLANKS,

       Plaintiff,                 No. 2:11-cv-0171 WBS CKD P

    vs.

MATTHEW CATES, et al.,

       Defendants.          ORDER

_____/

        Pursuant to the Ninth Circuit's recent decision in Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion for summary judgment filed by defendants on March 9, 2012.[1] (Dkt. No. 21.) On May 18, 2012, the court granted plaintiff an additional 30 days to file and serve an opposition to the motion for summary judgment. (Dkt. No. 25.) Plaintiff has not timely filed an opposition.

        The motion arises under Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are

---

[1] Plaintiff was also advised of these requirements on May 18, 2011. (Dkt. No. 14.)

1

not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

      Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

      Plaintiff now having received the notice required under Woods v. Carey, No. 09-15548 (9th Cir. July 6, 2012), IT IS HEREBY ORDERED that:

      1. Plaintiff's opposition to defendants' March 9, 2012 motion for summary judgment is due by August 8, 2012. Failure to file an opposition by August 8, 2012 will result in

a recommendation that this action be dismissed under Federal Rule of Civil Procedure 41(b).

      2. Any reply to plaintiff's opposition shall be due no later than 14 days after service of the opposition.

Dated: July 11, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
blan0171.not